999 So.2d 789 (2008)
Lynne HAMILTON
v.
Jeffery BATHGATE, Custom Closets & Mirrors, Inc., Progressive Insurance Company and The State of Louisiana, Through the Department of Public Safety & Corrections, et al.
No. 2008-CA-0432.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
F. Evans Schmidt, Denechaud and Denechaud, New Orleans, LA, for Plaintiff/Appellant.
James D. "Buddy" Caldwell, Attorney General, Henry S. Provosty, Special Assistant Attorney General, Christophe B. Szapary, Special Assistant Attorney General, Provosty & Gankendorff, L.L.C., New Orleans, LA, for Defendant/Appellee, State of Louisiana Through the Department of Transporation and Development.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD).
*790 EDWIN A. LOMBARD, Judge.
This appeal by plaintiff/appellant, Lynne Hamilton, is from a summary judgment granted in favor of the defendant/appellee, the State of Louisiana, Department of Transportation (DOTD). After de novo review, the judgment of the trial court is affirmed.

Relevant Facts and Procedural History
On the morning of January 14, 1999, the plaintiff was involved in an accident on an elevated portion of Interstate 10 between Kenner and La Place, Louisiana. The plaintiff failed to stop in time when the tractor-trailer in front of her slowed to a stop, resulting in her running into the back of the tractor-trailer, and she was, in turn, rear-ended by another vehicle.
On January 12, 2000, the plaintiff filed suit against DOTD, inter alia, alleging that the State negligently failed to take appropriate action in warning and or closing that portion of the interstate because of heavy fog on the morning of her accident. On September 4, 2007, the DOTD filed its Second Motion For Summary Judgment, alleging in pertinent part that (1) there was no design defect or unreasonably hazardous risk associated with the relevant portion of I-10; (2) the DOTD has no legal duty to warn motorists of apparent transient atmospheric conditions that may interfere with a motorist's visibility and/or driving capabilities; (3) the DOTD did not have actual or constructive knowledge of the alleged defect because fog is transient in nature and cannot be accurately predicted or pinpointed; and (4) road closures and the posting of warning signs in the State of Louisiana are discretionary actions and, as such, immune from liability.
On December 14, 2007, a hearing was held on the DOTD motion, along with a motion for summary judgment filed by a separate State defendant, the Louisiana State Police. After taking the motions under advisement, the trial court rendered judgment on January 29, 2008, granting summary judgment to the DOTD but denying summary judgment to the Louisiana State Police. In its reasons for judgment, the trial court held that under La.Rev. Stat. 48:346 the decision to close a road is a discretionary decision and, thus, the DOTD was immune from liability.

Discussion
On appeal, the plaintiff does not address the statutory basis for the trial court's judgment, arguing only that the DOTD has "a duty to maintain a reasonably safe highway by [sic] motorists who may be forseeably [sic] placed in danger by an unreasonably dangerous driving conditions [sic]...." In response, the DOTD reasserts that it is entitled to summary judgment because (1) there is a lack of factual support for one or more elements of the plaintiff's case, and (2) pursuant to La.Rev. Stat. 48:346 (2007) the closing or restricting of highways is a matter of discretion and, therefore, in accordance with La.Rev. Stat. 9:2798.1, the DOTD is immune from liability.

Standard of review
On appeal, the de novo standard of review is applicable to both summary judgment and questions of law.

Burdens of Proof on Summary Judgment
Summary judgment shall be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). When, as in this case, the movant does not bear the burden of proof at trial, the movant's burden on summary judgment is merely to point out to the court an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ. Proc. art. 966(C)(2). Thereafter, the burden is on the adverse *791 party to produce factual support sufficient to establish that she is able to satisfy her evidentiary burden of proof at trial and, if she fails to do so, summary judgment shall be granted. La.Code Civ. Proc. art. 966(C)(2).

Applicable Law
La.Rev.Stat. 48:35(F)(1)(a) provides in pertinent part that the DOTD "has a duty to maintain, repair, construct, or reconstruct any public road, highway, bridge, or street, or any portion thereof, in a manner that is not unreasonably dangerous for a reasonably prudent driver." See also La.Rev.Stat. 48:21(A) (the function of the DOTD is "to study, administer, construct, improve, maintain, repair, and regulate the use of public transportation systems and to perform such other functions with regard to public highways, roads, and other transportation related facilities as may be conferred on the highway by applicable law"). Accordingly, for liability to arise because of an unsafe or hazardous condition, it must be shown that the DOTD had prior notice and sufficient opportunity to remedy the situation. See U.S. Fidelity & Guaranty Co. v. State, Dept. of Highways, 339 So.2d 780 (La.1976). To proceed against the DOTD under a theory of negligence, the plaintiff must show that (1) that the roadway was in the custody of DOTD; (2) the roadway was defective because it had a condition that created an unreasonable risk of harm; (3) DOTD had actual or constructive knowledge of the risk; and (4) the defect in the roadway was a cause in fact of plaintiffs injuries. Bessard v. State, Dept. of Transp. and Development, 94-0589, pp. 3-4 (La. 11/30/94), 645 So.2d 1134, 1136.
In support of its motion for summary judgment, the DOTD submits the plaintiff's deposition testimony that the density of the fog increased suddenly, worsening "only a few seconds before" the accident. The DOTD also directs the court's attention to an affidavit submitted in support of the State's companion motion for summary judgment (filed on behalf of the Louisiana State Police) wherein it is revealed that the call relative to the plaintiff's accident was only the third call to come in regarding an accident in the westbound lanes of Interstate 10 that morning and that the plaintiff's accident occurred within one minute of the first accident on the westbound lanes.
In response, the plaintiff asserts that the DOTD's duty to maintain a reasonably safe highways includes liability for sudden but temporary weather conditions, such as heavy fog. However, the plaintiff's reliance on Chuter v. Dept. of Highways, 575 So.2d 425 (La.App. 4 Cir.1991) as precedential authority for this assertion is misplaced. In Chuter, judgment was rendered against the DOTD in a case involving an accident which occurred in foggy conditions because the DOTD failed to erect adequate warning mechanisms of a sudden and unusual configuration in the roadway (an abrupt turn bordered by six-inches of unpainted concrete directly preceded by an open stretch of roadway which gave the illusion that the roadway continued in that direction) even though the DOTD had knowledge of frequent accidents in the area by drivers who failed to negotiate the turn. Because the DOTD should have anticipated that unreflectorized signs which were not visible in heavy fog would be inadequate in an area where heavy fog could be anticipated, the court found liability, noting that the "DOTD failed to maintain this highway in reasonably safe condition for motorists traveling in heavy fog." 575 So.2d at 429 (emphasis added).
In this case, however, there is no evidence that the DOTD failed in its duty to maintain Interstate 10 or that the plaintiff's accident occurred because the *792 DOTD failed in any of its statutory duties. The plaintiff's accident was not caused by a defect in the roadway but, rather, because she failed to reduce speed when the tractor-trailer in front of her reduced speed. Although the plaintiff claims generically that the "the State ... knew or should have known that the dangerous fog conditions were unknown to the oncoming motorists," she does not allege a direct connection between her accident and this particular State entity (the DOTD) or specific DOTD functions and duties. Therefore, because the plaintiff is unable to produce factual support sufficient to establish that she is able to satisfy her evidentiary burden of proof at trial, the DOTD is entitled to summary judgment.
Moreover, the trial court was correct in its conclusion that the DOTD is immune from liability in this case. La. Rev.Stat. 48:346 provides that the assistant secretary or chief engineer of DOTD may close or restrict any section of a highway when, "[i]n his opinion, there is an emergency requiring the closing or restriction." (emphasis added). La.Rev.Stat. 9:2798.1 provides that liability will not be imposed on a public entity based upon a failure of its officers or employees to exercise or perform discretionary acts "when such acts are within the course and scope of their lawful powers and duties." Thus, by the specific terms of the statutes, emergency closing of a roadway is a discretionary decision and, therefore, the DOTD is immune to liability in this case.

Conclusion
The defendant is entitled to summary judgment and, accordingly, the judgment of the trial court is affirmed.
AFFIRMED.